Morris Slifkin, J.
In an action for separation, plaintiff moves for an award of temporary alimony, child support, counsel fees and exclusive possession of the marital home. Defendant cross-moves to dismiss the action because of plaintiff’s failure to serve a complaint within the statutory period set forth in section 211 of the Domestic Relations Law.
The motions are consolidated and are disposed of on the terms hereinafter set forth.
Defendant’s motion to dismiss the action is denied. Although plaintiff has technically failed to comply with the statute *246 (Domestic Relations Law, § 211), it appears that said failure was inadvertently caused by plaintiff’s change of counsel. Accordingly, and in the absence of a showing of prejudice, the court excuses the relatively short delay and directs plaintiff’s attorney to serve said verified pleading within 10 days from the date of this decision. (See CPLR 2004.)
As to plaintiff’s motion, it appears that defendant has failed to satisfactorily explain the loss of income at $20,000 per year for services as a real estate salesman in 1966 to a little over $5,000 per year as a carpenter in 1969, nor has he satisfactorily explained the disposition of $40,000 received by him in 1967 and 1968 as the result of a capital transaction. The duty to support is not limited to the husband’s means; it also includes his ability “ to earn such means ”. (Family Ct. Act, §§ 412, 413.) The phrase “ financial ability ”, as it appears in section 211 of the Domestic Relations Law, must be interpreted to include the ability to earn means. The court, therefore, awards plaintiff for her support and the support of the three minor children, the sum of $75 per week. Defendant is further required to pay all reasonable expenses in connection with the marital home, including, but not limited to, mortgage payments, real estate taxes, fuel, utilities, fire and hazard insurance, water, basic telephone and ground maintenance. Defendant is also directed to pay all unusual medical, dental and hospital expenses incurred by plaintiff or the minor children on the condition defendant is given prior notice of such expenses. .
In view of defendant’s allegations concerning his finances, the request for counsel fees is referred to the trial court.
In all other respects, plaintiff’s motion is denied.